IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MEKEDES DEMISSEW,** | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 1:23-cv-01742-JRR |
| **THE PRIDE CENTER OF MARYLAND, INC., et al.,** | * | |
| | * | |
| *Defendants.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Mekedes Demissew filed the underlying action against Defendants The Pride Center of Maryland, Inc., and Merrick Moses Moise in the Circuit Court for Baltimore City, alleging wrongful discharge and violations of the Maryland wage payment and collection laws. (ECF No. 1-2.)  Defendants then removed the action to this court. (ECF No. 1.)  Pending before the court is Plaintiff's Motion for Remand (ECF No. 11; the "Motion.")  The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the Motion will be granted.

**I.     BACKGROUND**

On June 9, 2023, Plaintiff filed the underlying action in the Circuit Court for Baltimore City, alleging wrongful discharge and violations of Maryland wage payment and collection laws. (ECF No. 1-2.)   Invoking diversity of citizenship jurisdiction, Defendants removed the action to this court on June 29, 2023.  (ECF No. 1 ¶ 4.)  At the time Defendants filed the Notice of Removal (ECF No. 1), Plaintiff had not effectuated service on either Defendant.  (ECF No. 11-1 at p. 2; ECF No. 12 at p. 1.)  Defendants subsequently waived the service of summons on August 15,

2023.  (ECF No. 14.)  Plaintiff is a citizen of California, and Defendants are citizens of Maryland.  (ECF No. 1-1.)  Plaintiff now brings the present Motion to remand this case to the Circuit Court for Baltimore City, asserting that Defendants' pre-service removal runs afoul of the forum defendant rule at 28 U.S.C. § 1441(b)(2).  (ECF No. 11-1 at p. 3–4.)  Defendants oppose the Motion, arguing that the forum defendant rule does not bar removal of the action because, in accordance with 28 U.S.C. § 1441(b)(2), Defendants had not been "properly joined and served" at the time of removal.  (ECF No. 12 at p. 2.)

**II.     LEGAL STANDARD**

Defendants may remove an action brought in state court to federal court provided the United States district courts have original jurisdiction over the action (*i.e.*, the action could have been initiated in the district court).  28 U.S.C. § 1441(a).  On a motion to remand, the removing party bears the burden of establishing federal jurisdiction.  *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 176 (4th Cir. 2017).  Removal jurisdiction raises "significant federalism concerns," *Mulcahey*, 29 F.3d at 151 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–109 (1941)), and therefore federal courts must "strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court."  *Richardson v. Phillip Morris Inc.*, 950 F. Supp. 700, 702 (D. Md. 1997) (citations omitted).

**III. ANALYSIS**

Resolution of the Motion turns on a single issue: whether the forum defendant rule precludes removal of this case under 28 U.S.C. § 1441(b)(2).[1] For the reasons set forth below, the court concludes that it does.

**A. The Forum Defendant Rule and Pre-Service Removal**

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[O]ne of the principal purposes of diversity jurisdiction was to give a citizen of one state access to an unbiased court to protect him from parochialism if he was forced into litigation in another state in which he was a stranger and of which his opponent was a citizen." *Ziady v. Curley*, 396 F.2d 873, 875 (4th Cir. 1968) (citations omitted). Where a defendant invokes diversity of citizenship jurisdiction, the forum defendant rule precludes a defendant from removing an action to federal court where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This rule is a "logical addendum" to the diversity jurisdiction statute. *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F. Supp. 3d 719, 724 (D. Md. 2017). The forum defendant rule "recognizes that there is no need to protect out-of-state defendants from local prejudice where the defendant is a citizen of the state in which the case is brought." *Reimold v. Gokaslan*, 110 F. Supp. 3d 641, 642–43 (D. Md. 2015) (citation omitted). "The purpose of the 'properly joined and served' language [of the forum defendant rule] is to prevent gamesmanship by [p]laintiffs. The language is designed to prevent a plaintiff from

---

[1] Pre-service removal by a defendant that (or who) is a citizen of the state in which the underlying state action was filed is sometimes referred to as "snap removal." *See Teamsters Loc. 677 Health Servs. & Ins. Plan v. Friedman*, No. CV CCB-18-3868, 2019 WL 5423727, at *2 n.6 (D. Md. Oct. 23, 2019).

3

blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Medish*, 272 F. Supp. 3d at 725 (citations omitted).

Alighting on § 1441(b)(2)'s "properly . . . served" language, Defendants argue that removal was proper because Plaintiff had not effectuated service of the state court action at the time of removal. (ECF No. 12 at p. 1.) Therefore, they contend, based on a plain reading of 28 U.S.C. § 1441(b)(2), removal was proper and the forum defendant rule does not apply. *Id.* at 2. The Fourth Circuit has not yet decided whether the forum defendant rule precludes pre-service removal by a defendant citizen of the state in which the action was brought. *See Kirst on Behalf of Nominal Defendant Novavax, Inc. v. Erck*, 616 F. Supp. 3d 471, 476 (D. Md. 2022) (explaining that the Fourth Circuit has not decided this question); *Medish*, 272 F. Supp. 3d at 724 (same); *Billie v. Vallance*, No. CV RDB-21-0477, 2021 WL 3725348, at *3 (D. Md. Aug. 23, 2021) (same). That notwithstanding, although "judges in this District have reached different results on this same question, . . . the growing trend [of this court] is to embrace a functional reading of 28 U.S.C. § 1441(b)(2)." *Kirst*, 616 F. Supp. 3d at 477. In other words, judicial winds appear to have brought Plaintiff's ship to full sail; and, in any event, based on its independent analysis, this court agrees.

On the topic of this court's statutory interpretation of the forum defendant rule, this court previously explained:

> The United States Court of Appeals for the Fourth Circuit . . . follows the general rule that courts will not. . . adopt a literal construction of a statute if such interpretation would thwart the statute's obvious purpose or lead to an absurd result. When faced with this issue in a recent similar case, this Court, relying in part on the analysis in [*Goodwin v. Reynolds*, 757 F.3d 1216 (11th Cir. 2014)], granted a motion to remand where the plaintiffs had received the summonses on the morning of April 23, 2019, and the non-forum defendant removed the case that afternoon, before

4

> service was effected on the forum defendant, such that the removal was not an organic consequence of the normal unfolding of [the] lawsuit, but instead an artificial filing aimed at exploiting a perceived technicality. This Court reasoned that in context, the forum defendant rule in 28 U.S.C. 1441(b)(2) is most fairly read as focusing on generally barring removal by an in-state defendant, but not if that defendant was improperly joined and served for purposes of defeating federal jurisdiction. Finding that the snap removal was intended specifically to circumvent the requirements of the forum defendant rule, the Court saw no meaningful distinction between the "gamesmanship" of the snap removal and the practice of fraudulent joinder that the forum defendant rule was originally intended to address and concluded that permitting the snap removal would leave the plaintiff powerless to keep the matter in state court, thereby depriving a plaintiff of the fullness of its right to choose its forum.

*Id.* at 476–77 (citations omitted).

Indeed, in recent years, this court has repeatedly remanded cases to state court upon a finding that the forum defendant rule precluded pre-service removal. *See, e.g.*, *id.* at 476–78; *Billie*, 2021 WL 3725348, at *4; *Sommer v. BMW of N. Am. LLC*, No. CV RDB-20-3027, 2021 WL 1890651, at *4 (D. Md. May 11, 2021); *Teamsters Local 677 Health Servs. & Ins. Plan v. Friedman*, No. CCB-18-3868, 2019 WL 5423727, at *4 (D. Md. Oct. 23, 2019); *Alfasigma USA, Inc. v. ExeGi Pharma, LLC*, No. CV TDC-19-1180, 2019 WL 13224973, at *3 (D. Md. Oct. 15, 2019); *Medish*, 272 F. Supp. 3d at 727; *Caillouet v. Annapolis Yacht Co., LLC*, Civ. No. ELH-16-1698, 2016 WL 8737484, at *7 (D. Md. Aug. 5, 2016). Importantly, "[t]he propriety of retaining a case in federal court jurisdiction cannot hinge on something as irrelevant to the purpose of the forum defendant rule as winning a race." *Medish*, 272 F. Supp. 3d at 726–27.

Here, Defendants removed the present action from state court on the basis of diversity jurisdiction. (ECF No. 1 ¶ 4.) Defendants are citizens of the state in which the state action was brought. (ECF No. 1-1.) *See* 28 U.S.C § 1441(b)(2), *supra*. Despite that fact, Defendants removed

5

the action to this court under a theory that "[t]he plain reading of 28 U.S.C. § 1441(b)(2) allows a Maryland defendant to remove a matter prior to service." (ECF No. 12 at p. 2.) There is no evidence, allegation, or appearance of gamesmanship by Plaintiff. The court "does take the plain statutory language [of 28 U.S.C. § 1441(b)(2)] seriously, but finds that a literal reading here would cause a result that both tends toward absurdity and conflicts with what Congress intended by their inclusion of the 'properly joined and served' language in the forum defendant provision." *Medish*, 272 F. Supp. 3d at 726 n.4 (citations omitted). The forum defendant rule "was designed to prevent gamesmanship, and a contrary reading would incentivize it." *Id.* at 726. Accordingly, this court "strictly construe[s] removal jurisdiction" in favor of the state court jurisdiction, concluding that the forum defendant rule precludes Defendants' pre-service removal here. *See Mulcahey*, 29 F.3d at 151, *supra*. To find otherwise "would mean that, so long as defendants stay on top of the docket, the forum defendant rule would have no effect in practice." *Medish*, 272 F. Supp. 3d at 726.

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, the Motion (ECF No. 11) will be GRANTED.

/S/

_____
Julie R. Rubin
United States District Judge

February 8, 2024